UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| James McDonald Shea Brown, Jr., | ) | C/A No.4:19-CV-02813-SAL-KDW |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| SunTrust Bank, | ) | |
| Defendant. | ) | |

Plaintiff, proceeding pro se, brought this diversity complaint alleging breach of trust and breach of fiduciary duty. ECF No. 1. This matter is before the court on Defendant's Motion to Dismiss for Lack of Jurisdiction, Venue and Failure to State a Claim Upon Which Relief Can be Granted. ECF No. 14. As Plaintiff is proceeding pro se, the court entered a *Roseboro*[1] order on November 4, 2019, advising Plaintiff of the importance of such motions and the need for him to file a response. ECF No. 15. Plaintiff responded to Defendant's motion on December 5, 2019. ECF No. 17. Accordingly, this motion is now ripe for consideration.

This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Because this motion is dispositive, a Report and Recommendation is entered for the Court's review. For the reasons outlined below, the undersigned recommends that Defendant's Motion to Dismiss be **granted in part** and venue transferred to the United States District Court for the Northern District of Georgia**.**

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

1

I.   **Factual Background**

On January 14, 1954, Plaintiff's aunt, Stella Jean Brown ("Ms. Brown"), executed a Last Will and Testament ("Will") in Washington D.C.  ECF No. 1-1 at 1.  Plaintiff alleges that Ms. Brown, with the assistance of her uncle who was an attorney and director of SunTrust Bank, contracted with Defendant to store her will in Defendant's vault and for Defendant to serve as the executor of her estate following her death.  *Id*.  Ms. Brown subsequently moved to the state of Tennessee and eventually died there on November 1, 2011.  *Id.*

Plaintiff contends that before Ms. Brown's death, he visited one of Defendant's Washington D.C. branches and asked Defendant's employees to search their vault for Ms. Brown's will.  ECF No. 1-1. Defendant's employees purportedly told Plaintiff that they did not find the will in the vault.  *Id.*  Plaintiff insists that after hearing this information, he came to believe that Ms. Brown did not have a will.  *Id.*

Following Ms. Brown's death, Plaintiff's half-sister, Kim Sides, informed Plaintiff that Ms. Brown did in fact have a will and that she had a copy.  ECF No. 1-1 at 2.  Ms. Sides presented a Petition for Letters Testamentary and attempted to probate a copy of the will in Knox County, Tennessee.  *Id*.  In response, conservator James Shastid filed a competing petition ("Shastid Petition") and claimed Ms. Brown had died intestate.  *Id*.  Plaintiff and Sides opposed the Shastid Petition. *Id.*  A legal battle ensued that was finally resolved, in favor of the Shastid Petition and the intestate heirs, in May 2015.  ECF No. 1-1.

In June 2015, Defendant was able to locate Ms. Brown's original will.  Defendant was subsequently appointed administrator of Ms. Brown's estate.  ECF No. 1-1 at 3.  On August 4, 2015, the Chancellor of the Knox County, Tennessee Probate Division ordered that this original will be admitted into probate.  *Id.*

Plaintiff, a resident of Myrtle Beach, now brings this action in South Carolina and argues that, due to Defendant's actions, he was forced to retain counsel to stop the Tennessee probate court from declaring that Ms. Brown died intestate and distributing her assets in a manner that would be contrary to her wishes. *Id.* Plaintiff alleges that he paid $175,000 in attorneys' fees and thousands of dollars in court costs and travel expenses. *Id.* His Complaint specifies damages of $200,000 - 210,000.00. ECF No. 1 at 5.

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(2) and (3), a defendant may assert lack of personal jurisdiction and venue by motion. Once personal jurisdiction is challenged by a Rule 12(b)(2) motion, the plaintiff bears the burden of making prima facie showing of sufficient jurisdictional basis to survive the jurisdictional challenge. *Consulting Eng'rs Corp. v. Geometric Ltd.,* 561 F.3d 273, 276 (4th Cir. 2009). If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge based on motion papers, supporting legal memoranda, and relevant allegations of a complaint. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). "In considering the challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* at 676. Similarly, on a motion to dismiss under Rule 12(b)(3), the court is permitted to consider evidence outside of the pleadings. Plaintiff must make only a prima facie showing of proper venue. *Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 365-66 (4th Cir. 2012) (citing *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). In the assessment of venue, the court will again view the facts in a light most favorable to the plaintiff. *Aggarao,* 675 F.3d at 366.

### III. Analysis

#### A. Personal Jurisdiction

Personal jurisdiction, also known as *in personam* jurisdiction, refers to whether a court has the power over the person being sued. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980). "[A] State may authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation omitted). If there is not a traditional basis for personal jurisdiction, "[a] federal district court may exercise personal jurisdiction over a foreign corporation only if: (1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits; and (2) application of the relevant long-arm statute is consistent with the Due Process Clause of the Fourteenth Amendment." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 559 (4th Cir. 2014); *see ESAB Grp., Inc. v. Zurich Ins. PLC,* 685 F.3d 376, 391 (4th Cir. 2012). South Carolina's long arm statute has been interpreted to reach the outer bounds permitted by the Due Process Clause. *ESAB Group, Inc.,* 685 F.3d at 391; *see also S. Plastics Co. v. S. Commerce Bank,* 423 S.E.2d 128, 130 (S.C. 1992); *Hammond v. Cummins Engine Co.,* 336 S.E.2d 867, 868 (S.C. 1985); *Triplett v. R.M Wade & Co.,* 200 S.E.2d 375, 379(S.C. 1973). Consequently, "the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." *Stover v. O'Connell Assocs., Inc.,* 84 F.3d 132, 135-36 (4th Cir. 1996).

Because Plaintiff brought this suit in South Carolina and there is no traditional basis for personal jurisdiction present, this court must utilize the South Carolina long arm statute. For personal jurisdiction to exist under this statute, Plaintiff must demonstrate that either the court has general or specific jurisdiction over Defendant and that the exercise of such general or specific jurisdiction does not offend the traditional notions of fair play and substantial justice.

1. **General Jurisdiction**

First, Defendant contends that this court does not have general jurisdiction over SunTrust because its contacts with South Carolina are not so continuous and systematic as to render SunTrust essentially "at home" in South Carolina. ECF No. 14-1 at 5. Plaintiff disagrees and reasons that because of its recent merger with BB&T, SunTrust has 136 branches in South Carolina and is now the "largest national bank in South Carolina"; therefore, the South Carolina court can exercise general jurisdiction over Defendant. ECF No. 17 at 12.

When general jurisdiction is present, the defendant can be sued for any claim, even if such claim is unrelated to the defendant's contact with the forum state. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.,* 137 S.Ct. 1773, 1780 (2017). A corporation is subject to general jurisdiction only where it is truly "at home" and that almost always means one of two places: where it is incorporated and where its principal place of business is. *Goodyear Dunlop Tires*, 564 U.S. at 924. Prior to the U.S. Supreme Court's decision in *Wachovia Bank v. Schmidt,* 546 U.S. 303 (2006), some courts held, for diversity purposes, that national banks were citizens of each state in which they had a branch. Michael Podolsky, *Determining Diversity Jurisdiction of National Banks After Wachovia v. Schmidt,* 81 Fordham L. Rev. 1447, 1449 (2012). In *Wachovia Bank,* 546 U.S. 303, a national bank with its

designated main office in North Carolina, but with a branch office in South Carolina, brought a diversity action against South Carolina citizens. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") ruled that the District Court lacked jurisdiction. *Wachovia Bank v. Schmidt,* 388 F.3d 414 (4th Cir. 2004), *rev'd*, 546 U.S. 303 (2006). The Supreme Court granted certiorari and held that a national bank is "located," for jurisdiction purposes, in the state designated in its articles of association as locus of its main office, not in every state where it has branch offices. *Wachovia Bank,* 546 U.S. at 318. Since 2006, the Court has articulated a public policy interest in limiting general jurisdiction and has stated that "[s]uch exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Daimler AG v. Bauman,* 571 U.S. 117, 139 (2014) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)).

Consequently, Defendant is at "home" in the state of Georgia because it was incorporated in Georgia and its principal place of business is located at 303 Peachtree Street, Atlanta, Georgia, 30308. ECF No. 14-1. Under federal caselaw, the fact that Defendant is purportedly the largest national bank in South Carolina with approximately 136 branches is immaterial to jurisdiction. The undersigned therefore concludes that this court cannot exercise general jurisdiction over Defendant.

### 2. Specific Jurisdiction

Second, Defendant argues that "the court also does not have specific jurisdiction over SunTrust because the issues in this lawsuit are not, in any way, connected with SunTrust's activities in South Carolina." ECF No. 14-1 at 8. Although Plaintiff's Response, ECF No. 17, does not explicitly reference specific jurisdiction, the court believes that the thrust of Plaintiff's

argument is that because he is a resident of South Carolina and a bank client, the South Carolina court may exercise specific jurisdiction. Plaintiff states that he has "been a resident of South Carolina since November 1988, and as a resident of South Carolina every failure, omission, and error made by SunTrust related to the timely presentation of the original will to probate affected me as a bank client when the bank began managing the James McDonald Shea Trust in 1968." ECF No. 17 at 14.

Specific jurisdiction is a court's ability to adjudicate a suit when claims arise out of the Defendant's specific contact with the forum state. *Goodyear Dunlop,* 564 U.S. at 919. The Fourth Circuit has created a three-part test for determining if a court can exercise specific jurisdiction in which it considers "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp.,* 561 F.3d at 278 (quoting *ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.,* 293 F.3d 707, 712 (4th Cir. 2002)). In analyzing whether Defendant "purposefully availed" itself to the forum state, the presence of Defendant's in-state property alone will not support jurisdiction. *Base Metal Trading Ltd. v. OJSC "Novokuznetsky Aluminum Factory,"* 283 F.3d 208, 213 (4th Cir. 2002).

In examining whether a plaintiff's claims arise out of those activities directed at the state, the Supreme Court and the Fourth Circuit have provided several opinions as guidance including *Hanson v. Denckla*, 357 U.S. 235 (1958), and *ESAB Group, Inc. v. Centricut, Inc.* 126 F.3d 617, 625 (4th Cir. 1997). In *Hanson,* a defendant trust company was sued and it was revealed that none of the trust assets had been administered in the forum state. The Court concluded that "the cause of action is not one that arises out of an act done or transaction

consummated in the forum State." *Hanson,* 357 U.S. at 251. "The execution [in the forum state] of the powers or appointment under which the beneficiaries and appointees claim does not give [the forum state] a substantial connection with the contract on which this suit is based." *Id.* at 253. "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Id.* at 253. In *ESAB Group, Inc.*, the plaintiff argued that "wherever the sales were made by [the nonresident defendant], and thus lost by [the plaintiff], they were ultimately felt [in the forum state] at the [plaintiff's] headquarters." 126 F.3d 617, 625. The Fourth Circuit disagreed and stated that

> While this is undoubtedly true, when unaccompanied by other contacts, it is ultimately too unfocused to justify personal jurisdiction . . . .Instead of grounding jurisdiction on a defendant's decision to purposefully avail [ ] itself of the privilege of conducting activities within the forum state, or on a defendant's activities expressly aimed at the forum state, jurisdiction would depend on a *plaintiff*'s decision about where to establish residence. Such a theory would *always* make jurisdiction appropriate in a plaintiff's home state, for the plaintiff *always* feels the impact of harm there. Although the place that the plaintiff feels the alleged injury is plainly relevant to the inquiry, it must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld.

*Id.* at 625-6. (citations omitted) (emphasis in original*).*

In the present case, Plaintiff's allegations against Defendant involve a will executed in Washington D.C. and probated in Knox County, Tennessee. ECF No. 1. Plaintiff's claim that he was "affected" while living in South Carolina is inconsequential to specific jurisdiction. The focus of a personal jurisdiction inquiry is on the defendant, not the plaintiff. The court finds that Defendant did not purposefully avail itself to conducting business in the state of South Carolina in a manner specifically related to Plaintiff's claims. Plaintiff's claims also did

not arise out of activities directed at South Carolina. Therefore, it would be constitutionally unreasonable for Defendant to be forced to defend this case in South Carolina.[2]

**B. Venue**

Defendant maintains that venue is improper in this judicial district because SunTrust is not a resident of South Carolina, a substantial part of the events or omissions giving rise to the claim did not occur in South Carolina; and there are other judicial districts such as Washington D.C, Tennessee, or Georgia where this action could be brought. ECF No. 14-1 at 11-12. Therefore, Defendant requests that this case be dismissed under 28 U.S.C. §1406(a) and (b). *Id.* Plaintiff responds that he interprets the federal jurisdiction and venue statutes cited by the Defendant differently and he is entitled to "have [his] case against SunTrust heard in a US District Court in South Carolina because as the largest national bank in South Carolina the US District Court here has jurisdiction over SunTrust." ECF No. 17 at 15.

The general venue statute, 28 U.S.C. § 1391, provides as follows:

> (b) Venue in general – A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The undersigned has reviewed Plaintiff's allegations and finds that none of the venue requisites in § 1391 have been met. Even when viewed in a light most favorable to Plaintiff, the court sees no apparent connection between this district and Plaintiff's factual assertions.

---

[2] Because the undersigned finds that Plaintiff has failed to establish that this court has personal jurisdiction, no analysis is needed regarding traditional notions of fair play and substantial justice.

As discussed previously, Defendant does not "reside" in this district nor did any of the events giving rise to Plaintiff's claim occur in this district.

When a matter is filed in the wrong district, the court "*shall* dismiss, or, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). The interests of justice warrant transfer, in lieu of dismissal, when "time-consuming and justice defeating technicalities" would penalize the plaintiff or prevent the case from being heard on the merits in the proper venue. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 467 (1962). Because venue is improper by statute, Plaintiff's choice of venue is "almost immaterial" to the analysis, and under 28 U.S.C. § 1406(a), if Plaintiff desires to maintain his action, transfer is "virtually mandate[d]." *See Blevins v. Pension Plan for Roanoke Plant Hourly Employees of ITT Indus. Night Vision*, No. 6:10-CV-03261-JMC, 2011 WL 2670590, at *7 (D.S.C. July 8, 2011). Here, the undersigned recommends transfer rather than dismissal. Transfer is the more just outcome, particularly given Plaintiff's pro se status. Furthermore, transferring the case is in keeping with the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See Goldlawr, Inc.*, 369 U.S. at 466-67; *Dubin v. United States,* 380 F.2d 813, 815 (5th Cir. 1967); *see also Porter v. Groat*, 840 F.2d 255 (4th Cir. 1988).

Consequently, the undersigned recommends transferring this action to the United States District Court in the Northern District of Georgia. After applying 28 U.S.C. §1404(a), this court may transfer this action to any other district or division where it may have been brought originally under 28 U.S.C. § 1391. Because Defendant resides in Atlanta, Georgia, venue and transfer is appropriate under 28 U.S.C. §1391(a). Transfer may also be appropriate to the United States District Courts for the District of Columbia and for the District of Eastern

Tennessee because "a substantial part of the events or omissions giving rise to the claim" appear to have occurred in these districts. 28 U.S.C. §1391(b). Although venue could be appropriate in all three districts, the Defendant's principal place of business is in Georgia and requiring Defendant to defend itself in a place other than Georgia could be a burdensome imposition.

The undersigned offers no further recommended rulings concerning this case because such rulings are more appropriately within the authority of the receiving court. *See generally* Wright, Miller & Cooper, *Federal Practice and Procedure*, Transfer to Proper Venue or Dismissal Under 28 U.S.C.A. §1406(a), 14D Fed. Prac. & Proc. Juris. §827 (4th ed.).

## V.     Recommendation

Based on the foregoing, the undersigned recommends **granting in part** Defendant's Motion to Dismiss as it relates to the personal jurisdiction and venue of this court, ECF No. 14, and transferring the venue of this case to the United States District Court in the Northern District of Georgia.

IT IS SO RECOMMENDED.

February 24, 2020　　　　　　　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**