UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00239-MOC-DCK

| | |
|---|---|
| **JAMES MCDONALD SHEA BROWN JR.**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| **TRUIST BANK, SUCCESSOR BY MERGER WITH SUNTRUST BANK**, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on Plaintiff's pro se Motion for Relief from the Court's Order to Dismiss. (Doc. No. 53). Plaintiff also asks this Court to reconsider its decision. (Doc. No. 53 at 1). Plaintiff brings his Motion pursuant to FED. R. CIV. P. 60(b)(3) and (6).

## I. LEGAL STANDARDS

Rule 60(b)(3) provides district courts the power to relieve a party from an adverse judgment because of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). A moving party must establish three factors in order to state a successful Rule 60(b)(3) motion: "(1) the moving party must have a meritorious [claim]; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." Shultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994) (citing Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir. 1981).

Even where a moving party satisfies the Schultz three-prong test, a district court must "balance the competing policies favoring the finality of judgments and justice being done in

view of all the facts, to determine within its discretion, whether relief is appropriate in each case." Id. Essentially, Rule 60(b)(3) provides an avenue for revisiting judgments that were obtained unfairly, not judgments which the moving party merely believes were erroneous. Schultz, 24 F.3d at 630.

Rule 60(b)(6) authorizes a district court to grant relief from a final judgment for "any other reason that justifies relief." The United States Supreme Court has held that Rule 60(b)(6) may be invoked in only "extraordinary circumstances" when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(l)-(5). See Aikens v. Ingram, 652 F.3d 496 (4th Cir. 2011), citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n. 11 (1988).

Importantly, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." United States v. Williams, 674 F.2d 310, 312-13 (4th Cir. 1982) ("Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)"). As shown below, Plaintiff's Motion does not present the Court with any "extraordinary circumstances," "misconduct," or a "meritorious claim." Plaintiff is merely asking the Court to change its mind. Therefore, Plaintiff's Motion is denied.

## II. DISCUSSION

### A. Plaintiff's Presentation of New Law and Facts

The Court dismissed Plaintiff's breach of contract and breach of fiduciary duty claims on statute of limitations grounds. Plaintiff now asserts, for the first time, that his causes of action are actually criminal allegations of "concealment of a will" and criminal "withholding vital information." (Doc. No. 53 at 1). Plaintiff now argues that the Court should have conducted its

statute of limitation analysis under the criminal statutes and applied criminal law to his case. Plaintiff's position makes no sense. First, Plaintiff filed a civil action against Defendant Truist. Plaintiff does not have standing to bring criminal claims against Truist. Criminal liability results from enforcing public codes of behavior as embodied in the laws, with the government prosecuting individuals or institutions. In a criminal case, the government brings charges against the person alleged to have committed the crime. Plaintiff's argument is meritless.

Second, even if Plaintiff had the legal ability to bring criminal charges against Truist, he failed to make any criminal allegations in his Complaint. Even allowing for *pro se* status, the Court can only consider the facts and claims Plaintiff alleges in his Complaint. It is not the Court's role to "act as the plaintiff's advocate, *sua sponte* developing statutory and constitutional claims the plaintiff failed to clearly raise on the face of his complaint." See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997). Attempting to bring criminal charges in a civil suit and alleging claims that were not made in the underlying Complaint do not constitute "extraordinary circumstances" under Rule 60(b)(6).

    B.  The Fraud Component of Rule 60(b)(3)

FED. R. CIV. P. 60(b)(3) provides an avenue for setting aside a judgment if the moving party can show it has a meritorious claim and that the adverse party procured the judgment by some fraudulent means. In other words, Rule 60(b)(3) focuses on judgments which were unfairly procured by the adverse party. Schultz, 24 F.3d at 631; citing Anderson v. Cryovac Inc., 862 F.2d 910, 924 n.10 (1st Cir. 1988). While not clear, Plaintiff's argument regarding fraud consists of allegations that Truist misrepresented facts to the Court upon which the Court mistakenly relied in

dismissing Plaintiff's case. Plaintiff further contends that the Court ignored Plaintiff's facts, which he contends were proof of Truist's "malicious" and "malevolent" conduct.

The Court's careful 17-page opinion, however, cites the facts of the case directly from Plaintiff's Complaint. It is Plaintiff's own account that establishes the facts Plaintiff knew, and when he knew them, that formed the basis for the Court's dismissal of the Complaint. The basis for fraud found in Plaintiff's Motion appears to stem from Plaintiff's disagreement with the Court's application of the law to the facts, as opposed to endorsing Plaintiff's "naked assertions and unadorned conclusory allegations." Rule 60(b)(3) is unavailing to Plaintiff because Rule 60(b)(3) provides an avenue for revisiting judgments that were obtained unfairly, not judgments which the moving party merely believes were erroneous. Schultz, 24 F.3d at 630.

### C. Collateral Estoppel of the Conservator Claim

Plaintiff's remaining claim against Truist alleges Truist wrongfully declined to pursue a claim Ms. Brown's estate had against her former conservator, John Weaver. Plaintiff does not contest the Court's collateral estoppel analysis, but rather makes a muddled semantic argument that the Court incorrectly couched his claim as "preventing a fraud." Semantics aside, Plaintiff alleged the identical claim against Truist that he pursued against Mr. Weaver. The Weaver trial court dismissed his lawsuit based on the statute of limitations. See Brown v. Weaver, No. E2018-00783-COA-R3-CV, 2018 WL 6706285 (Tenn. Ct. App. Dec. 19, 2018) (perm. app. denied, Tenn. S.C. Apr. 11, 2019). Plaintiff appealed, and the Tennessee Court of Appeals likewise denied Plaintiff's claims. (Id.). Plaintiff appealed again to the Tennessee Supreme Court, and the Tennessee Supreme Court declined to review. (Id.). The Tennessee Court of Appeals noted that Plaintiff discovered

the fraud within the time allowed by the statute of limitations, but waited another two years and fifty-one weeks to file his complaint. (Id. at *6).

Therefore, Plaintiff is collaterally estopped from re-litigating the issue of whether Truist wrongfully declined to pursue Plaintiff's claims against Mr. Weaver. This Court analyzed the previous litigation and correctly determined that Plaintiff cannot pursue the identical, previously dismissed claims. Again, Plaintiff does not make a showing of fraud on Truist's part in the Court's decision; he merely disagrees with it and wants the Court to change its mind.

### III. CONCLUSION

The reasons Plaintiff provides in its Motion for Relief and Reconsideration fail to provide this Court with grounds to grant relief under either Rule 60(b)(3) or Rule 60(b)(6). Review of the Judgment, (Doc. No 51), reveals that it is a lawful Judgment which is consistent with current case law and that Plaintiff's Complaint was properly dismissed under Rule 12(b)(6). Nothing in the Plaintiff's filing in any manner calls into doubt the dismissal of this action.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's pro se Motion for Reconsideration and Relief of Judgment (Doc. No. 54) is **DENIED**.

Signed: January 9, 2021

Max O. Cogburn Jr
United States District Judge